| | |
|---|---|
| Michael A. Mugmon (SBN 251958) | Stuart J. Guber (*admitted pro hac vice*) |
| Michael.Mugmon@wilmerhale.com | sguber@faruqilaw.com |
| Rebecca A. Girolamo (SBN 293422) | **FARUQI & FARUQI, LLP** |
| becky.girolamo@wilmerhale.com | 101 Greenwood Ave., Suite 600 |
| **WILMER CUTLER PICKERING HALE AND DORR LLP** | Jenkintown, PA 19046 |
| | Telephone: (215) 277-5770 |
| 950 Page Mill Road | Facsimile: (215) 277-5771 |
| Palo Alto, CA 94304 | |
| Telephone: (650) 858-6103 | Benjamin Heikali (SBN 307466) |
| Facsimile: (650) 858-6100 | bheikali@faruqilaw.com |
| *Attorneys for Defendants* | **FARUQI & FARUQI, LLP** |
| *and Nominal Defendant* | 10866 Wilshire Boulevard, Suite 1470 |
| | Los Angeles, CA 90024 |
| | Telephone: (424) 256-2884 |
| | Facsimile: (424) 256-2885 |
| | *Attorneys for Plaintiff* |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD ROSS, Derivatively and on Behalf of DEPOMED, INC., <br><br> Plaintiff, <br><br> vs. <br><br> JAMES P. FOGARTY, KAREN A. DAWES, ARTHUR J. HIGGINS, LOUIS J. LAVIGNE, JR., WILLIAM T. MCKEE, GAVIN T. MOLINELLI, ROBERT G. SAVAGE, PETER D. STAPLE, JAMES L. TYREE, SAMUEL R. SAKS, M.D., JAMES A. SCHOENECK, DAVID B. ZENOFF, SRINIVAS G. RAO, M.D., PH.D. and R. SCOTT SHIVELY, <br><br> Defendants, <br><br> and <br><br> DEPOMED, INC., <br><br> Nominal Defendant. | Case No. 3:17-cv-06592-JST <br><br> **JOINT STIPULATION & [PROPOSED] ORDER STAYING CASE PENDING THE MOTION TO DISMISS IN THE RELATED SECURITIES CLASS ACTION** |

WHEREAS, Plaintiff Gerald Ross ("Plaintiff") filed the above-captioned derivative action ("Derivative Litigation") on November 15, 2017, against Defendants James P. Fogarty, Karen A. Dawes, Arthur J. Higgins, Louis J. Lavigne, Jr., William T. McKee, Gavin T. Molinelli, Robert G. Savage, Peter D. Staple, James L. Tyree, Samuel R. Saks, M.D., James A. Schoeneck, David B. Zenoff, Srinivas G. Rao, M.D., Ph.D. and R. Scott Shively (collectively, "Individual Defendants" and together with Nominal Defendant Depomed, Inc., the "Defendants") (Plaintiff and Defendants are collectively referred to herein as the "Parties");

WHEREAS, the Parties hereby jointly stipulate to stay the Derivative Litigation until and through the resolution of the motion to dismiss that is anticipated to be filed in the related securities class action lawsuit against Depomed, Inc., Arthur J. Higgins, James A. Schoeneck, and August J. Moretti, captioned *Huang v. Depomed, Inc., et al.*, No. 3:17-cv-04830, in the United States District Court for the Northern District of California (the "Securities Class Action"); and

WHEREAS, this Parties believe that a stay of this action will promote the efficient and orderly administration of justice by coordinating the Derivative Litigation with the Securities Class Action;

NOW, THEREFORE, the Parties, by and through their undersigned counsel of record, hereby agree and stipulate to the following:

1. Defendants waived the service of summons and accepted service of the Complaint with Defendants response due on or about January 16, 2018;

2. The Derivative Litigation (and all discovery) shall be stayed until 30 days after the earlier of the following of events: (a) the Securities Class Action is dismissed in its entirety with prejudice; or (b) Defendants file an answer to any complaint in the Securities Class Action;

3. If the stay of proceedings expires pursuant to Paragraph 2 above, the Parties shall meet and confer and submit a proposed scheduling order governing further proceedings in the Derivative Litigation, including the date by which Defendants must answer or

otherwise plead;

4. All hearings or conferences currently scheduled, including the Case Management Conference currently scheduled for January 31, 2018, shall be postponed until after the stay of the Derivative Litigation expires;

5. Should discovery proceed in the Securities Class Action, or in any other subsequent derivative action based on substantially the same factual allegations underlying the Derivative Litigation and/or in connection with any threatened related derivative action (including any books and records demand made by a Depomed, Inc. shareholder), and the Derivative Litigation continues to be stayed by virtue of this Stipulation, a further Stipulation or Court Order, Plaintiff will promptly be given copies of any written discovery responses, documents, and deposition transcripts prepared and/or produced by any Defendants and/or any non-party, such as are relevant to the claims or defenses in the Derivative Litigation, pursuant to a mutually agreed upon protective order governing the use of confidential information. The provision of any such discovery materials will not constitute waiver of, or in any way limit, Defendants' right to move to dismiss the Derivative Litigation for failure to adequately plead demand futility, or make a pre-suit demand. Notwithstanding the foregoing, Plaintiff reserves his rights to seek any such discovery materials in the Derivative Litigation;

6. Plaintiff acknowledges that his right to receive written discovery responses, documents, deposition transcripts, and any other information described above is contingent upon his agreement to be bound by any confidentiality agreement or order governing the materials produced in the Securities Class Action or any related derivative action, with the express understanding that Plaintiff shall be entitled to use any such materials produced to him pursuant to this stipulation in the Derivative Litigation. If Plaintiff cannot become a party to any confidentiality agreement or order entered in the Securities Class Action or any related derivative action, he agrees that he will enter into

3

JOINT STIPULATION & [PROPOSED] ORDER STAYING CASE PENDING
THE MOTION TO DISMISS IN THE RELATED SECURITIES CLASS ACTION

a separate agreement with Defendants acknowledging his agreement to be bound by the terms of the confidentiality agreement or order entered in the Securities Class Action or any related derivative action, with the express understanding that Plaintiff shall be entitled to use any such materials produced to him pursuant to this stipulation in the Derivative Litigation, and further agrees that his acknowledgement agreement may be enforceable in the Derivative Litigation;

7. The Parties shall promptly notify each other of any related derivative lawsuits or threatened related derivative lawsuits of which they become aware;

8. Defendants shall promptly notify Plaintiff if the plaintiff in any related derivative lawsuit refuses to agree to a stay that is for the same or longer duration;

9. If the plaintiff in any related derivative lawsuit refuses to agree to a stay that is for the same or longer duration, after conferring with the opposing party, any party may lift the stay upon 30 days' notice via email to all of the undersigned counsel, in which event each party reserves the right to make a motion to stay the Derivative Litigation;

10. Plaintiff will promptly be advised of, and be permitted to participate in, any mediation proceedings and in any formal settlement talks in the Securities Class Action, in any related derivative action, and/or in any threatened related derivative action;

11. Notwithstanding this stay of the Derivative Litigation, Plaintiff may file an amended complaint. Without waiving any defenses or objections, Defendants shall be under no obligation to answer, move, or otherwise respond to any such complaints while the State Derivative Action is stayed; and

12. This Stipulation shall not preclude or prevent the Parties from stipulating to, or filing a motion seeking, a court order lifting, modifying, or extending the terms of this stipulation, and any Party's right to oppose such a motion

13. The existence of this stipulation, the contents thereof, and any negotiations or proceedings in connection therewith shall not be deemed a presumption, concession,

4

JOINT STIPULATION & [PROPOSED] ORDER STAYING CASE PENDING
THE MOTION TO DISMISS IN THE RELATED SECURITIES CLASS ACTION

finding, or admission by any of the Parties of any fault, liability, or wrongdoing; and

14. The Parties respectfully request the Court to enter an Order to this effect.

**STIPULATED AND AGREED TO**:

DATED: January 15, 2018            **WILMER CUTLER PICKERING HALE AND DORR LLP**

By: */s/ Michael A. Mugmon*
Michael A. Mugmon (SBN 251958)
Rebecca A. Girolamo (SBN 293422)
950 Page Mill Road
Palo Alto, CA 94304

*Attorneys for Defendants
and Nominal Defendant*

**FARUQI & FARUQI, LLP**

By: */s/ Benjamin Heikali*
Benjamin Heikali (SBN 307466)
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024

Stuart J. Guber (*admitted pro hac vice*)
101 Greenwood Ave., Suite 600
Jenkintown, PA 19046

*Attorneys for Plaintiff*

5
JOINT STIPULATION & [PROPOSED] ORDER STAYING CASE PENDING
THE MOTION TO DISMISS IN THE RELATED SECURITIES CLASS ACTION

## **ATTESTATION OF E-FILED SIGNATURE**

I, Benjamin Heikali, am the ECF User whose ID and password are being used to file the foregoing document in compliance with Civil L.R. 5-1(i)(3). I attest that all other signatories listed, and on whose behalf the filing is being submitted, concur in the filing's content and have authorized the filing of this stipulation.

Dated: January 15, 2018             By: */s/ Benjamin Heikali*

                                            Benjamin Heikali

# [PROPOSED] ORDER

Based upon the above stipulation of the Parties and for good cause appearing:

1. The Derivative Litigation (including all discovery) shall be stayed until 30 days after the earlier of the following of events: (a) the Securities Class Action is dismissed in its entirety with prejudice; or (b) Defendants file an answer to any complaint in the Securities Class Action;

2. If the stay of proceedings expires, the Parties shall meet and confer and submit a proposed scheduling order governing further proceedings in the Derivative Litigation, including the date by which Defendants must answer or otherwise plead;

3. All hearings or conferences currently scheduled, including the Case Management Conference currently scheduled for January 31, 2018, shall be postponed until after the stay of the Derivative Litigation expires;

4. Should discovery proceed in the Securities Class Action, or in any other subsequent derivative action based on substantially the same factual allegations underlying the Derivative Litigation and/or in connection with any threatened related derivative action (including any books and records demand made by a Depomed, Inc. shareholder), and the Derivative Litigation continues to be stayed by virtue of this Stipulation, a further Stipulation or Court Order, Plaintiff will promptly be given copies of any written discovery responses, documents, and deposition transcripts prepared and/or produced by any Defendants and/or any non-party, such as are relevant to the claims or defenses in the Derivative Litigation, pursuant to a mutually agreed upon protective order governing the use of confidential information. The provision of any such discovery materials will not constitute waiver of, or in any way limit, Defendants' right to move to dismiss the Derivative Litigation for failure to adequately plead demand futility, or make a pre-suit demand. Notwithstanding the foregoing, Plaintiff reserves his rights to seek any such discovery materials in the Derivative Litigation;

5. Plaintiff acknowledges that his right to receive written discovery responses, documents, deposition transcripts, and any other information described above is contingent upon his agreement to be bound by any confidentiality agreement or order governing the materials produced in the Securities Class Action or any related derivative action, with the express understanding that Plaintiff shall be entitled to use any such materials produced to him pursuant to this stipulation in the Derivative Litigation. If Plaintiff cannot become a party to any confidentiality agreement or order entered in the Securities Class Action or any related derivative action, he agrees that he will enter into a separate agreement with Defendants acknowledging his agreement to be bound by the terms of the confidentiality agreement or order entered in the Securities Class Action or any related derivative action, with the express understanding that Plaintiff shall be entitled to use any such materials produced to him pursuant to this stipulation in the Derivative Litigation, and further agrees that his acknowledgement agreement may be enforceable in the Derivative Litigation;

6. The Parties shall promptly notify each other of any related derivative lawsuits or threatened related derivative lawsuits of which they become aware;

7. Defendants shall promptly notify Plaintiff if the plaintiff in any related derivative lawsuit refuses to agree to a stay that is for the same or longer duration;

8. If the plaintiff in any related derivative lawsuit refuses to agree to a stay that is for the same or longer duration, after conferring with the opposing party, any party may lift the stay upon 30 days' notice via email to all of the undersigned counsel, in which event each party reserves the right to make a motion to stay the Derivative Litigation;

9. Plaintiff will promptly be advised of, and be permitted to participate in, any mediation proceedings and in any formal settlement talks in the Securities Class Action, in any related derivative action, and/or in any threatened related derivative action;

10. Notwithstanding this stay of the Derivative Litigation, Plaintiff may file an amended

complaint.  Without waiving any defenses or objections, Defendants shall be under no obligation to answer, move, or otherwise respond to any such complaints while the State Derivative Action is stayed;

11. This Stipulation shall not preclude or prevent the Parties from stipulating to, or filing a motion seeking, a court order lifting, modifying, or extending the terms of this stipulation, and any Party's right to oppose such a motion; and

12. The existence of this stipulation, the contents thereof, and any negotiations or proceedings in connection therewith shall not be deemed a presumption, concession, finding, or admission by any of the Parties of any fault, liability, or wrongdoing.

IT IS SO ORDERED.

DATED: January 18, 2018

_____
Honorable Judge Jon S. Tigar
United States District Judge

# CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

Dated: January 15, 2018　　　　　　　　　By: */s/ Benjamin Heikali*

　　　　　　　　　　　　　　　　　　　　　　Benjamin Heikali

JOINT STIPULATION & [PROPOSED] ORDER STAYING CASE PENDING
THE MOTION TO DISMISS IN THE RELATED SECURITIES CLASS ACTION