# EXHIBIT A

| | |
|---|---|
| Robert C. Moest, Of Counsel (SBN 62166) <br> THE BROWN LAW FIRM, P.C. <br> 2530 Wilshire Blvd., Second Floor <br> Santa Monica, CA 90403 <br> Telephone: (310) 915-6628 <br> rmoest@aol.com <br><br> Timothy Brown <br> THE BROWN LAW FIRM, P.C. <br> 767 Third Avenue, Suite 2501 <br> New York, NY 10017 <br> Telephone: (516) 922-5427 <br> tbrown@thebrownlawfirm.net <br><br> Laurence M. Rosen (SBN 219683) <br> THE ROSEN LAW FIRM, P.A. <br> 355 South Grand Avenue, Suite 2450 <br> Los Angeles, CA 90071 <br> Telephone: (213) 785-2610 <br> lrosen@rosenlegal.com <br><br> *Co-Lead Counsel for Plaintiffs* | Michael A. Mugmon (SBN 251958) <br> WILMER CUTLER PICKERING <br>   HALE AND DORR LLP <br> One Front Street, Suite 3500 <br> San Francisco, CA 94111 <br> Telephone: (628) 235-1006 <br> Michael.Mugmon@wilmerhale.com <br><br> *Counsel for Nominal Defendant Depomed, Inc. and Individual Defendants Arthur J. Higgins, James A. Schoeneck, August J. Moretti, Karen A. Dawes, Louis J. Lavigne, Jr., Robert G. Savage, Peter D. Staple, James L. Tyree, Samuel Saks, David Zenoff, Vicente Anido, Jr., James P. Fogarty, William T. McKee, Gavin T. Molinelli, Srinivas G. Rao, and R. Scott Shively* |

FILED
ALAMEDA COUNTY
DEC 1 4 2021
CLERK OF THE SUPERIOR COURT
By_____ Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF ALAMEDA
## COMPLEX CIVIL LITIGATION

| | |
|---|---|
| IN RE DEPOMED, INC. <br><br> DERIVATIVE LITIGATION <br><br> This document Relates to: <br><br> ALL ACTIONS | Master File No.: RG17877280 <br>    (Consolidated HG19004409) <br><br> [~~PROPOSED~~] **ORDER AND FINAL JUDGMENT** <br><br> Judge: Hon. Brad Seligman <br> Dept.: 23 |

**[PROPOSED] ORDER AND FINAL JUDGMENT**

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement ("Preliminary Approval Order") of this Court dated October 28, 2021, on the application of Lead Plaintiffs for approval of the settlement of the Actions as set forth in the Stipulation of Settlement and Release Agreement dated as of October 26, 2021 ("Agreement"). Due and adequate notice having been given by the Company to Current Assertio Stockholders as required in the Court's Preliminary Approval Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed, and good cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order and Final Judgment ("Judgment") incorporates herein the Agreement, including the exhibits thereto. Unless otherwise defined herein, all capitalized terms used herein shall have the same meanings as set forth in the Agreement.

2. This Court has jurisdiction over the subject matter of the Consolidated Action, and the Parties to the Agreement have consented to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Agreement.

3. The record shows that the notice of the Settlement has been given to all Current Assertio Stockholders in the form and manner approved by the Court in the Preliminary Approval Order. The Court finds that such notice of the Settlement: (i) constitute reasonable and the best notice practicable under the circumstances; (ii) constitute notice that was reasonably calculated, under the circumstances, to apprise all Current Assertio Stockholders who could reasonably be identified of the pendency of the Actions, of the terms of the Settlement, and of Current Assertio Stockholders' right to object to and to appear at the settlement fairness hearing held on December 14, 2021 (the "Settlement Hearing"); (iii) constitute due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) meet the requirements of due process.

4. In light of the benefits to the Company and the complexity, expense and possible duration of further litigation, the Court hereby fully and finally approves the Settlement as set forth in the Agreement in all respects, and finds that the Settlement is, in all respects, fair, reasonable,

and adequate, and in the best interests of the Company and its stockholders. This Court further finds the Settlement set forth in the Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of Lead Plaintiffs, the Company, the Company's stockholders, and the Individual Defendants.

5. The Parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Agreement. The Consolidated Action and all claims contained therein, as well as all of the Released Claims (including Unknown Claims), are dismissed on the merits and with prejudice.

6. Upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, released, relinquished, and discharged the Released Claims (including Unknown Claims) against the Released Persons. Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Agreement.

7. Upon the Effective Date, the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiffs, and their Related Persons, Lead Counsel, as well as any other law firm that appeared for the Lead Plaintiffs, and Current Assertio Stockholders in the Actions from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Actions or the Released Claims. Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Agreement.

8. The provisions contained in the Agreement (including any exhibits attached thereto) shall not be deemed a presumption, concession, or admission by any Party of any fault, liability, or wrongdoing, or lack of merit as to any facts or claims alleged or asserted in the Actions or in any other action or proceeding, and shall not be interpreted, construed, deemed, invoked, offered, or received into evidence or otherwise used by any person in the Actions or in any other action or proceeding, whether civil, criminal, or administrative, except in connection with any proceeding to

enforce the terms of the Settlement. The Released Persons may file the Agreement and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9. The Parties are to bear their own costs, except as otherwise provided in the Agreement and in this Judgment. The Court hereby approves the Fee and Expense Award of $150,000 and the Service Awards of $1,000 to each of the Lead Plaintiffs, as provided in the Agreement.

11. Lead Plaintiffs and/or any Assertio stockholder derivatively on behalf of the Company are permanently barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claims against any Released Person.

12. Without affecting the finality of this Judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to administration, consummation, enforcement, and interpretation of the Agreement, the Settlement, and of this Judgment, to protect and effectuate this Judgment, including any proceedings to enjoin the Releasing Parties from instituting, commencing, or prosecuting the Released Claims against the Released Persons, and for any other necessary purpose. Lead Plaintiffs, the Individual Defendants, and each Current Assertio Stockholder are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding, or dispute arising out of or relating to the Settlement or the Agreement, including the exhibits thereto, and only for such purposes. Without limiting the generality of the foregoing, and without affecting the finality of this Judgment, the Court retains exclusive jurisdiction over any such suit, action, or proceeding.

13. In the event that the Settlement does not become effective in accordance with the terms of the Agreement, this Judgment shall be vacated, and all orders entered and releases delivered in connection with the Agreement and this Judgment shall be null and void, except as otherwise

-5-

provided for in the Agreement, and the Parties shall be returned to their respective positions immediately prior to the execution of the Agreement.

14. Judgment shall be, and hereby is, entered dismissing the Consolidated Action with prejudice and on the merits. The Court finds that this Order and Final Judgment is a final, appealable judgment and should be entered forthwith by the Clerk.

IT IS SO ORDERED.

DATED: 12/14/21

Judge Brad Seligman
Superior Court of the State of California
County of Alameda